Filed 6/14/13  P.v. Delgadillo CA1/5

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | A136897 |
| v. | (Alameda County Super. Ct. No. H45927) |
| WILLIAM DELGADILLO, | |
| Defendant and Appellant. | |
| _____/ | |

This case is before us on appeal for the second time following a conditional reversal and remand for a new *Pitchess* hearing.  (*Pitchess v. Superior Court* (1974) 11 Cal.3d 531; *People v. Delgadillo* (Mar. 29, 2012, A129750 [nonpub. opn.].)  In his second appeal, appellant William Delgadillo asks this court to review the sealed record on his *Pitchess* motion to determine whether the trial court complied with our remand order and whether it erred by denying his request for discoverable information.

We examined the sealed transcript of the in camera hearing on appellant's *Pitchess* motion and the sealed records the court examined at the hearing.  We conclude the court appropriately exercised its discretion in ruling there was no relevant, discoverable information to disclose.  We affirm with directions to the court to correct its sentencing minute order and the abstract of judgment to reflect that the court sentenced appellant on October 5, 2012, not September 10, 2010.

1

FACTUAL AND PROCEDURAL HISTORY

We incorporate the facts and procedural history of our prior opinion. (*People v. Delgadillo* (Mar. 29, 2012, A129750 [nonpub. opn.].).)

A jury convicted appellant and a codefendant of assault with force likely to cause great bodily injury (Pen. Code, § 245, subd. (c)) on an Alameda County Sheriff's deputy and he appealed.[1] We concluded the trial court had not made an adequate record of the documents produced, if any, by the custodian of records and erred by failing to require the custodian of records "'to state in chambers and for the record what other documents (or category of documents) not presented to the court were included in the complete personnel record, and why those were deemed irrelevant or otherwise nonresponsive to the defendant's *Pitchess* motion.'" (Quoting *People v. Mooc* (2001) 26 Cal.4th 1216, 1229) (*Mooc*).)

We conditionally reversed the judgment. Our remand order provided:

"The judgment is conditionally reversed. The cause is remanded to the trial court with directions to hold a new in camera *Pitchess* hearing in conformance with the procedures described in this opinion. If the trial court finds there are discoverable records, it must order their disclosure to defendants, allow defendants an opportunity to demonstrate prejudice, and order a new trial if prejudice is demonstrated. If the court concludes that there is no discoverable information, or that there is discoverable information but defendants cannot establish that they were prejudiced by the denial of discovery, the court is directed to: (1) restructure defendants' sentences in accordance with section 1170.1, subdivision (g); (2) redetermine defendants' presentence custody credits; (3) strike either the second or third prior prison term findings made against Delgadillo; and (4) prepare an amended abstract of judgment and forward a copy of the amended abstract to the California Department of Corrections and Rehabilitation."

On remand, the trial court held an in camera *Pitchess* hearing where it placed the custodian of records under oath. The custodian of records presented the complete files of

---

[1] Unless otherwise noted, all further statutory references are to the Penal Code. Appellant's codefendant is not a party to this appeal.

both sheriff's deputies. (§ 832.5.) In the presence of the custodian and her counsel, the court reviewed the files, summarized contents of the documents it reviewed, and placed them in a sealed folder. After the in camera hearing, the court stated: "I confirm my previous rulings, there were no disclosable or discoverable events on either deputy regarding integrity or excessive force. . . . I attempted to do it in compliance with the order [I] received from the appellate court. . . . I did order copies of documents reviewed be made, [and] placed in a confidential file for further appellate review down the road."[2] On October 5, 2012, the court sentenced appellant to state prison.

## DISCUSSION

We have reviewed the in camera hearing on appellant's *Pitchess* motion and the documents the trial court reviewed at the hearing to determine whether it properly ruled on the discoverability of information contained in the relevant files of the two sheriff's deputies involved in the incident.

We conclude the court appropriately exercised its discretion in ruling there was no relevant, discoverable material to be disclosed. In compliance with our remand order, the court conducted an in camera hearing at which the custodian of records was placed under oath and presented the complete files of both sheriff's deputies involved in the incident (§ 832.5). At the in camera hearing, the court examined and thoroughly described the documents and placed them in a sealed folder for our review. (*Mooc*, *supra,* 26 Cal.4th at p. 1229.) Upon finding no relevant, discoverable information, the court properly denied appellant's *Pitchess* motion. (*People v. Hustead* (1999) 74 Cal.App.4th 410, 418-423.)

## DISPOSITION

The judgment is affirmed and the superior court is directed to correct its sentencing minute order and the abstract of judgment to reflect the court sentenced appellant on October 5, 2012 rather than on September 10, 2010. The court is further directed to send a certified copy of the amended abstract of judgment to the Department of Corrections and Rehabilitation.

---

[2] The court clarified that it also examined the deputies' files for disclosable or discoverable events on "veracity."

3

_____

Jones, P.J.

We concur:

_____

Simons, J.

_____

Bruiniers, J.